UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MALIGNOUMA BARRY and DEEN BARRY,

                     Plaintiffs,

    -against-

GIBRIL SAW, JOSE CASTILLO, and UNITED
STATES OF AMERICA

                     Defendants.
------------------------------------------------------------------ X

04 CV 4144 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiffs Malignouma Barry ("plaintiff" or "Barry") and Deen Barry (collectively, "plaintiffs") commenced this personal injury action on September 24, 2004, alleging that defendant Gibril Saw ("Saw"), defendant Jose Castillo ("Castillo"), and Phyllis LaTour ("LaTour"), who was operating a United States Postal Service ("USPS") vehicle on behalf of defendant United States of America ("United States"), negligently caused an accident on January 30, 2004 resulting in injuries to plaintiffs. Presently before the court is defendant Saw's motion for summary judgment on the issue of liability.[1] For the reasons set forth below, the motion is granted and plaintiffs' claims against defendant Saw are dismissed.

---

[1] By stipulation and order dated February 23, 2006, plaintiff's cross-motion against defendant United States was withdrawn by plaintiff with prejudice.

1

## BACKGROUND

For the purposes of this summary judgment motion, the parties do not contest the basic facts surrounding the accident at issue. On January 30, 2004, the parties were involved in a motor vehicle accident at approximately 3:45pm on Vanderbilt Avenue, at or near its intersection with Osgood Avenue, on Staten Island. LaTour Dep. at 5. The accident involved a chain reaction collision of four vehicles. The first vehicle involved in the accident was a taxi, in which plaintiff was a passenger. See Barry Dep. at 15, 17. Immediately behind the taxi was defendant Saw's vehicle, a 1992 white Mercury. See Saw Dep. at 10, 12. The third vehicle in the chain defendant Castillo's Dodge minivan. See Castillo Dep. at 7; Saw Dep. at 15. The fourth and final vehicle in the chain was a postal truck, owned by defendant United States of America and operated by LaTour. See LaTour Dep at 23-24.

For approximately 10-15 seconds prior to the accident, the taxi in which plaintiff was a passenger was at a complete stop on Vanderbilt Avenue behind a vehicle that was stopped to make a turn. Barry Dep. at 75-76. Prior to the accident, Saw observed that the taxi, which was immediately in front of his vehicle, was at a complete stop and also made his vehicle come to a complete stop approximately four feet behind the taxi. Saw Dep. at 13-14. Castillo, whose minivan was immediately behind Saw's vehicle, applied his brakes when he observed Saw's vehicle braking. Castillo Dep. at 10-11.

LaTour was traveling behind Castillo's minivan on Vanderbilt Avenue when she passed through a green light at the intersection with Osgood Avenue. LaTour Dep. at 7-9. As she entered the intersection, she looked at the traffic signal to ensure that it was still green. Id. at 10. She then returned her attention to the traffic ahead of her and observed that the vehicles ahead of

2

her were slowing down. Id. at 11. At this point, LaTour applied her brakes and her vehicle began to skid, striking the rear of defendant Castillo's minivan, which was directly ahead of her. Id. at 11, 14, 16. LaTour observed that Castillo's minivan was pushed into the vehicle ahead of it, which was Saw's vehicle. See id. at 16. Saw's vehicle then hit the taxi in which plaintiff was a passenger, causing plaintiff to hear a "big boom" behind the taxi and to feel an impact to the rear of the taxi. See Barry Dep. at 17-18.

## DISCUSSION

A. Standard of Review for Summary Judgment

Under Rule 56, summary judgment is proper if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome of the litigation if application of the relevant substantive law requires their determination. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Cartrett, 477 U.S. 317, 323 (1986). The substantive law determines the facts that are material to the outcome of a particular litigation. See Anderson, 477 U.S. at 250; Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the

3

moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Only when it is apparent that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.2d 1219, 1223 (2d Cir. 1994).

If, as is applicable here, a non-moving party fails to oppose a summary judgment motion, then "summary judgment, if appropriate, shall be entered against" him. Fed. R. Civ. P. 56(e). The Second Circuit has emphasized, however, that "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)). Moreover, "[a]n unopposed summary judgment motion may also fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." Id.

## B. Defendant Saw's Liability

Defendant Saw argues that no reasonable juror could conclude that he was operating his vehicle negligently when the accident occurred. Specifically, he contends that defendant United States is presumptively liable for the accident because its vehicle struck defendant Castillo's vehicle in the rear causing a chain reaction collision, whereby Castillo's vehicle rear-ended Saw's vehicle, which in turn rear-ended the taxi in which plaintiff was a passenger. Saw's argument relies on the well-settled New York law that "[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rear vehicle, requiring a nonnegligent explanation for the collision." Egerton v. New York City Board of Education, 19 A.D.3d 639 (2d Dep't 2005).

It is uncontroverted that the taxi in which plaintiff was a passenger was at a stop at the time of the accident. Plaintiff testified that the taxi was at a complete stop behind a vehicle that was making a turn. Barry Dep. at 75-76. Saw, whose vehicle was directly behind the taxi, corroborated plaintiff's account when he testified that he observed that the taxi was at a complete stop ahead of him. Saw Dep. at 13-14. It is also undisputed that Saw and Castillo's vehicles were stopped or stopping at the time of the accident. Saw testified that he observed that the taxi was at a complete stop and, as a result, came to a complete stop approximately four feet from the taxi. Id. Castillo testified that he observed that Saw's vehicle had stopped and braked accordingly. Castillo Dep. at 10-11. Viewing the record in the light most favorable to plaintiffs, the court concludes that no reasonable juror could find that the vehicles ahead of defendant United States' postal truck were not stopped or stopping at the time of the accident. Thus, the burden shifts to the United States to provide a nonnegligent explanation for the accident.

5

The United States has conceded that it breached its duty of care to plaintiff and caused the accident that led to the rear-end chain collision on January 30, 2004. See Stip. and Order dated Feb. 23, 2006 ¶ 1. As such, the United States has submitted no opposition to this motion and, thus, has failed to rebut the prima facie case of liability against it by offering a nonnegligent explanation for the accident.

Viewing the evidence in the light most favorable to plaintiffs and drawing all reasonable inferences in their favor, the court concludes that no reasonable juror could find that Saw, as the driver of the second vehicle in a rear-end chain collision, was negligent. The court must therefore grant Saw's motion for summary judgment on the issue liability.

## CONCLUSION

For the reasons stated above, defendant Saw's motion for summary judgment on the issue of liability is granted. Plaintiffs' claims with respect to defendant Saw are therefore dismissed.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: March 16, 2006
Brooklyn, New York

SERVICE LIST:

<u>Attorney for Plaintiffs</u>
Jeffrey F. P. Borrell
Borrell & Riso, LLP
1500 Hylan Boulevard
Staten Island, NY 10305

<u>Attorney for Defendant Gibril Saw</u>
Steven J. Smetana
Law Offices of Steven J. Smetana
201 North Service Road
Suite 303
Melville, NY 11747

<u>Attorney for Defendant Joseph Castillo</u>
John T. Gorton
Gorton & Gorton LLP
1225 Franklin Avenue
Suite 475
Garden City, NY 11530

<u>Attorney for Defendant United States</u>
Jennifer Ellen Schantz
United States Attorneys Office
Eastern District of New York
One Pierrepont Plaza, 14th floor
Brooklyn, NY 10025

cc: Magistrate Judge Marilyn Go